UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL LYNN PLACENCIA ) | |
| ) | |
| v. ) | CASE NO.: 1:21-CV-01-HAB |
| ) | |
| SHERIFF, ) | |
| NOBLE COUNTY JAIL[1] ) | |

**OPINION AND ORDER**

Petitioner, Michael Lynn Placencia, proceeding *pro se*, is a federal pretrial detainee housed in the Noble County Jail. He filed the instant "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (the Petition) along with an application to Proceed In Forma Pauperis (ECF Nos. 1, 2). The Petition challenges his incarceration stemming from *United States v. Placencia,* No. 1:20-CR-68 HAB, a currently pending criminal case in this Court. For the following reasons, the Court will DISMISS the Petition and DENY as MOOT the application to proceed in forma pauperis.

**DISCUSSION**

As set out above, Petitioner is a defendant in a criminal case pending before this Court. He is charged with possession with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1). The Government moved to detain Petitioner without bond. After a hearing, a Magistrate Judge granted the motion and ordered Petitioner detained pending trial.

When a federal or state prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States," § 2241 confers on this Court a general grant

---

[1] In his filing, the Petitioner listed the United States of America as the Defendant. The only proper defendant in a § 2241 petition is the highest ranking officer at the institution where the Defendant is incarcerated.

of habeas jurisdiction. 28 U.S.C. § 2241(c)(3); *see id.* § 2241(a). District courts have jurisdiction over habeas petitions brought by pretrial detainees. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). When considering an application for a writ of habeas corpus, a district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which is also applicable to § 2241 cases,[2] requires courts to conduct a preliminary review of each petition for writ of habeas corpus. *See* Habeas Rule 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the district court must summarily dismiss the petition. *Id.*

Here, Petitioner's grounds for relief, namely that the arresting officer violated his Due Process and Fourth Amendment rights, are premature and not ripe for adjudication. Assuming there is some legal basis to his assertions, they are arguments that must be made in his pending criminal case through his criminal defense attorney. Indeed, even if Petitioner only challenges his detention pending trial, he must raise any such argument in a pretrial motion in his criminal proceedings, not via a § 2241 petition. *See, e.g., Reese v. Warden Phila. FDC*, 904 F.3d 244, 245 (3d Cir. 2018) ("[A] federal detainee's request for release pending trial can only be considered under the Bail Reform Act and not under a § 2241 petition for habeas relief." (citations omitted)); *Fredrickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020) (per curiam) (same); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (per curiam) ("[T]he terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals ... should

---

[2] *See* Habeas Rule 1(b).

ordinarily provide strong incentive for defendants to employ Section 3145 appeals."); *Jenkins v. Noonan*, No. 20-cv-00921-H-LL, 2020 WL 2745234, at *2 (S.D. Cal. May 27, 2020) (concluding that federal pretrial detainee could not challenge pretrial detention via a § 2241 habeas petition).

Moreover, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) (citations omitted); *see Riggins v. United States*, 199 U.S. 547, 551 (1905); *see also Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017) ("If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen."). Petitioner does not present any exceptional circumstances warranting a departure from this principle.

## CONCLUSION

For the reasons stated herein, the Court DISMISSES the Petition. (ECF No. 1). Petitioner's Application to Proceed in Forma Pauperis (ECF No. 2) is DENIED as MOOT.

So ORDERED on January 5, 2021.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT